UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

YVONE ETHEDIA BROOKS,

    Plaintiff,

v.                                                      Case No: 6:18-cv-54-Orl-TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## ORDER[1]

Plaintiff Yvone Ethedia Brooks seeks review of Defendant the Commissioner of Social Security's March 25, 2015 dismissal of her request for an administrative hearing (Docs. 1, 15). The Commissioner has moved to dismiss this case on the ground that the Court lacks subject matter jurisdiction (Doc. 15).[2] The Court has considered the motion and Plaintiff's response (Doc. 20). For the reasons set forth below, the motion to dismiss is due to be granted in part and denied in part.

## Background

Plaintiff receives Supplemental Security Income ("SSI") payments from Defendant (Doc. 1, ¶ 3). At an unknown point in time, Defendant concluded that it had overpaid $17,652 in SSI benefits to Plaintiff and decided to withhold money from her future benefits until the overpayment was recovered (Doc. 16, ¶ 3; Doc. 16-1 at 1). On May 3, 2013, Defendant sent Plaintiff a letter, informing her that it had overpaid her benefits and that

---

[1] On May 30, 2018, both parties consented to the exercise of jurisdiction by a magistrate judge (Doc. 17). The case was referred to me by an Order of Reference that same day (Doc. 18).

[2] In support of the motion, the Commissioner has filed the declaration of Cristina Prelle, acting chief of Court Case Preparation and Review Branch 3 Office of Disability Adjudication and Review Social Security Administration (Doc. 16).

$16,301.80 remained due and unpaid (Doc. 16-1 at 1). The letter advised Plaintiff that she had 60 days to request review of Defendant's decision (Id., at 2).

On June 24, 2013, Plaintiff's attorney sent a letter to Defendant, informing it that he had been retained by Plaintiff "to represent her in her appeal of a purported Notice of Overpayment of her SSI benefits" (Doc. 16-2 at 2). Included with the letter were a formal Request for Reconsideration (Id., at 1), and a Consent for Release of Information signed by Plaintiff (Id., at 2). Defendant received this correspondence the next day (Id., at 1-2).

Plaintiff's lawyer sent another letter to Defendant on September 6, 2013, stating that he had not received a response to Plaintiff's request for reconsideration or her consent to the release of information (Doc. 16-4 at 3). Apparently, Defendant denies receipt of this letter.

On October 3, 2013 Defendant sent a letter to Plaintiff informing her that it had denied her request for reconsideration (Doc. 16-3). The letter also advised Plaintiff that she had 60 days to request a hearing (Id., at 1). The letter does not show a copy to Plaintiff's lawyer and both he and Plaintiff deny receiving the letter (Doc. 20 at 2; Id.).

Plaintiff's lawyer sent a third letter to Defendant on August 21, 2014, advising that he had not received responses to either of his first two letters (Id., at 2). Included with this letter was a Request for Hearing by Administrative Law Judge and a request for "**immediate action**" (Id.) (emphasis in original). Defendant received this letter on August 22, 2014 (Id., at 1).

On March 26, 2015, an administrative law judge ("ALJ") denied Plaintiff's request for a hearing and entered a Notice of Dismissal (Doc. 16-5). In a separate Order of Dismissal, the ALJ explained that Plaintiff's request for a hearing came more than 65 days after the denial of her request for reconsideration and was therefore, untimely (Id., at

4). The Notice and Order were addressed to Plaintiff, they do not show copies to her lawyer.

Plaintiff sent Defendant a handwritten letter on June 19, 2015 in which she complained that she was being treated unfairly by her lawyer and Defendant (Doc. 16-6 at 1). She said she needed an opportunity to "get the record straight," and asked Defendant to vacate the order dismissing her case (Id., at 2). She also said she had just learned that her lawyer had not filed papers with the Appeals Council and had not followed up on her appeal (Id., at 1-2).

Because the ALJ's Order of Dismissal was not sent to Plaintiff's lawyer, the Appeals Council found good cause for the later filing of Plaintiff's request for Appeals Council review (Doc. 16-2 at 2). But, the Appeals Council found that the ALJ had not abused his discretion or committed an error of law and therefore, it denied Plaintiff's request for review (Id.).

On January 11, 2018, Plaintiff filed this action for judicial review of Defendant's decision to garnish her SSI benefits due to an overpayment (Doc. 1). She alleges that she did not receive due process and, consequently, the garnishment action is illegal (Id., at ¶ 12). Plaintiff seeks review of the ALJ's Order of Dismissal and the Appeals Council's decision to deny review. She asks this Court to reverse Defendant's administrative decision and "issue an Order compelling defendant to schedule a new administrative hearing …" (Id., at ¶ 20). Plaintiff maintains that the Court has jurisdiction under 42 U.S.C. §§ 405(g), 1383(c)(3), and 28 U.S.C. § 1361 to grant her relief (Id., ¶ 3).

The parties disagree about (1) whether this Court has jurisdiction; (2) whether Plaintiff's untimely request for reconsideration should be excused; and (3) whether Defendant violated Plaintiff's constitutional right to due process by garnishing her benefits

before giving her an opportunity to be heard on the matter (Doc. 1 at ¶¶, 12-19; Doc. 15 at 4; Doc. 20).

## Discussion

*Subject Matter Jurisdiction*

Federal district courts are courts of limited jurisdiction. Parties seeking to invoke the Court's jurisdiction must show that their claim legitimately comes within the Court's jurisdiction. Typically, a party seeking to establish subject matter jurisdiction must demonstrate that a federal question predominates or that the matter in controversy: (1) exceeds the sum or value of $75,000 exclusive of interest and costs; and (2) is between citizens of different states. See 28 U.S.C. §§ 1331-1332. If the Court lacks subject matter jurisdiction then the case should be dismissed. FED. R. CIV. P. 12(b)(1);³ See Steel Co. v. Citizens for a Better Env't., 523 U.S. 83, 94 (1998).

The scope of the Court's jurisdiction is even more limited in the Social Security context. A person seeking Social Security benefits may file suit in the district court "only after (1) the claimant has been party to a hearing held by the Secretary, and (2) the Commissioner has made a final decision on the claim ... A claimant obtains the Commissioner's 'final decision' only after completing the four steps of the administrative review process: (1) initial determination; (2) reconsideration determination, (3) hearing before an ALJ; and (4) Appeals Council review." Pizarro v. Comm'r of Soc. Sec., No. 6:12-cv-801-Orl-37DAB, 2013 WL 869389, at *3 (M.D. Fla. Jan. 24, 2013). Thus, the

---

³ Rule 12(b)(1) attacks are either "facial" or "factual." Garcia v. Copenhaver, Bell & Assoc., M.D.'s P.A., 104 F.3d 1256, 1260 (11th Cir.1997). "A 'facial attack' on the complaint 'requires the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.'" McElmurray v. Consol. Gov't of Augusta-Richmond Cnty., 501 F.3d 1244, 1251 (11th Cir.2007) (citations and quotations omitted). "'Factual attacks,' on the other hand, challenge 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits are considered.'" Id. (citations and quotations omitted).

district court may sit in appellate review of a final decision made by Defendant after an administrative hearing has taken place. 42 U.S.C. § 405(g). Then, the scope of the district court's review is limited to determining whether the ALJ applied the correct legal standards and whether the ALJ's findings are supported by substantial evidence. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004).[4]

Under the plain language of the statute, an ALJ's dismissal of a claimant's request for a hearing is not a "final decision," and is therefore not subject to judicial review. 42 U.S.C. § 405(g); Counts v. Comm'r. Soc. Sec., No. 6:09-cv-2157-ORL-22KRS, 2010 WL 5174498, at *4 (M.D. Fla. Dec. 15, 2010); cf. Cash v. Barnhart, 327 F. 3d 1252, 1255-1258 (11th Cir. 2003) (citing Califano v. Sanders, 430 U.S. 99, 107-09 (1977)). An exception to this rule has been recognized when a plaintiff presents a constitutional challenge to what occurred at the administrative level. Califano, 430 U.S. at 107-09.

Courts within this Circuit have construed § 405(g) more broadly to allow review of certain types of decisions not made after a hearing. Counts, 2010 WL 5174498, at *4 (citing Mathews v. Eldridge, 424 U.S. 319, 328 (1976) (court determined that "the requirement that the administrative remedies prescribed by the Commissioner be exhausted" was waivable) and Bloodsworth v. Heckler, 703 F.2d 1233, 1237, 1239 (11th Cir. 1983) (Eleventh Circuit held that, "[t]he dismissal of a request for Appeals Council review if binding and not subject to further administrative review ... whether it is a determination on the merits or a denial of request to review, is binding and final and appeal [to the district court] therefrom is available to any party as a matter of statutory right ...")). Thus, Mathews, Bloodsworth, and their progeny sanction a district court's

---

[4] Defendant's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla but less than a preponderance. It is such relevant evidence that a reasonable person would accept as adequate to support a conclusion." Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted).

exercise of jurisdiction over certain final determinations by Defendant regardless of whether they were made after a hearing. Counts extended the holdings of Mathews and Bloodsworth and applied them to facts analogous to this case. 2010 WL 5174498, at *4. In Counts, the district court concluded that an ALJ's denial of a claimant's hearing request is a "final decision" subject to judicial review under 42 U.S.C. § 405(g). Id. The district court reasoned that Defendant's requirement that a final decision be preceded by a hearing was "waivable." Id., at *5 ("[T]he Supreme court recognized that the Commissioner may waive the exhaustion requirement if he satisfies himself, at any stage of the administrative process, that no further review is warranted either because the internal needs of the agency are fulfilled or because the relief that is sought is beyond his power to confer."). The Counts decision concluded that:

> Since neither the ALJ nor the Appeals Council chose to offer Plaintiff a hearing on the issue of whether he received the written notice within the sixty-five days after it was allegedly mailed, this Court finds this jurisdictional prerequisite to have been waived as the ALJ and Appeals Council must have been satisfied that no further review was warranted when they issued their decision without a hearing.

Id. at *5-6 (The question of whether Plaintiff was denied a hearing because her request was untimely is a colorable constitutional claim subject to federal Court review). Referring back to the holding in Bloodsworth, the Counts court quoted the legal paradox described in Macheski[5]:

> Plaintiff "cannot seek further administrative review because he has exhausted all of his administrative remedies, and yet under the [Commissioner]'s argument he is foreclosed from judicial review because he has not exhausted his administrative remedies. Leaving Plaintiff 'permanently in limbo' under these circumstances was rejected in Bloodsworth."

---

[5] Macheski v., Leavitt, No. 4:06-cv-85 (CDL), 2007 WL 2710466 (M.D. Ga. Sept. 13, 2007).

Id. (emphasis in original). In Bloodsworth the Circuit Court observed that this makes "linguistic but not legal sense." 703 F.2d at 1239.

Defendant argues that Bloodsworth "is neither binding [n]or persuasive here" and should be disregarded because it represents the minority view among judicial circuits (Doc. 15 at 11). Instead, Defendant invites the Court to apply the law as found in the First, Third, Sixth, Ninth, and Tenth circuits (Id. at 11-12). Although the case upon which Bloodsworth is based[6] has been repudiated, the Eleventh Circuit's holding in Bloodsworth has not been overturned. This Court recognizes that Bloodsworth is not universally accepted and that the holding has been distinguished in almost every case that cites to it. But, it remains binding precedent in this Circuit and the Court will not disregard it to adopt the holdings of other circuit courts. See Macheski, 2007 WL 2710466.

Plaintiff does not deny that she actually and timely received the ALJ's October 3, 2013 decision which included specific instructions for requesting a hearing. These facts make this case distinguishable from Counts, which involved a plaintiff who never received notice of the ALJ's decision. However, this factor goes to whether or not the ALJ's decision was based on substantial evidence and does not alter the Court's jurisdictional analysis.

Based upon the Eleventh Circuit's holding in Bloodsworth and the district court's decision in Counts, the Court finds that it has subject matter jurisdiction to "review the ALJ's decision dismissing the request for hearing as untimely and the Appeals Council's denial of the request for review." Pizarro, 2013 WL 869389, at *6 (citing Counts and

---

[6] Langford v. Flemming, 276 F.2d 215 (5th Cir. 1960).

Bloodsworth); Wright v. Colvin, No 3:12-cv-1007-J-32TEM, 2013 U.S. Dist. LEXIS 146136, at *12-15 (M.D. Fla. May 3, 2013).

*Mandamus Jurisdiction*

Plaintiff seeks mandamus relief, pursuant to 28 U.S.C. § 1361 (Doc. 1 at ¶ 3). A federal district court has original jurisdiction over actions brought under the Mandamus Act "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Counts, 2010 WL 5174498, at *10. "Mandamus is an extraordinary remedy which should be utilized only in the clearest and most compelling of cases." Id. "To obtain mandamus relief, Plaintiff must show that (1) he has a clear right to the relief requested; (2) the SSA has a clear duty to act; and (3) there are no other adequate remedies available." Giammarinaro, 2013 WL 12157304, at *3 (citing Cash, 327 F.3d at 1257). "A writ of mandamus 'is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty.'" Counts, 2010 WL 5174498, at *10 (quoting Heckler, 466 U.S. at 616).

Section 405(h) provides that "[t]he findings and decisions of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing …" It is generally held that "the remedies provided by § 405 'are the exclusive source of federal court jurisdiction over cases involving SSI.'" Weaver v. Soc. Sec. Admin., No. 1:12-cv-4488-WSD, 2013 WL 6589897, at *3 (N.D. Ga. Dec. 16, 2013). Still, there are cases in which parties have utilized the mandamus statute in an attempt to compel Defendant to take some specific action. Giammarinaro v. Astrue, Case No. 8:12-cv-2167-T-AJ, 2013 WL 12157304, at *3 (M.D. Fla. Feb. 5, 2013); Parker v. Astrue, No. 8:07-cv-436-T-MAP, 2008 WL 686935, at *3 (M.D. Fla. Mar. 12, 2008) ("Jurisdiction over

cases arising under the Social Security Act exists under 42 U.S.C. § 405(g) and (h) and the Mandamus Act, 28 U.S.C. § 1361.").

Both, the Supreme Court and the Eleventh Circuit have repeatedly declined to decide whether § 405(h) bars an action for mandamus. See Giammarinaro, 2013 WL 12157304, at *3 (citing Heckler v. Ringer, 466 U.S. 602, 616-17; Califano v. Yamasaki, 442 U.S. 682, 698 (1979); Matthews, 424 U.S. at 332 n. 12 (1976); Lifestar Ambulance Serv., Inc. v. Dep't of Health and Human Servs., 365 F.3d 1293, 1295 n.3 (11th Cir. 2004)). The Court does not reach this question because, even if it has jurisdiction, the Court is unable to grant Plaintiff any relief under the Mandamus Act. Plaintiff's request for a hearing was made too late. She asks that her untimeliness be excused due to her lawyer's negligence. This issue requires a good cause determination. Consequently, the Court is unable to find that the Commissioner owed Plaintiff "a clear duty to act" such that the Court must compel her to perform.

## Conclusion

It is **ORDERED** that the Commissioner's Motion to Dismiss Plaintiff's Complaint (Doc. 15) is **GRANTED** to the extent it seeks dismissal of Plaintiff's claim for mandamus relief. The motion is **DENIED** in all other respects.

**DONE** and **ORDERED** in Orlando, Florida on July 23, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies to Counsel of Record