UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

YVONE ETHEDIA BROOKS,

     Plaintiff,

v.                                           Case No:   6:18-cv-54-Orl-TBS

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

---

## ORDER[1]

     This case comes before the Court on the Commissioner's Motion for Judgment on the Pleadings (Doc. 30) and Plaintiff Yvone Ethedia Brooks' response in opposition (Doc. 30). Because the motion incorporates by reference the contemporaneously filed administrative record, the Court converted it to a motion for summary judgment, gave Plaintiff until January 25, 2019 to supplement her response with any documents within the purview of Rule 56, and advised the parties that the Court would take the motion under advisement on February 9, 2019 (Doc. 32 at 2). For the reasons set forth below the Commissioner's motion for summary judgment is **DENIED**.

### Background

     Plaintiff receives Supplemental Security Income payments from the Commissioner (Doc. 1, ¶ 3). At an unknown point in time, the Commissioner concluded that she had overpaid $17,652 in benefits to Plaintiff and decided to withhold money from Plaintiff's future installment payments until the overage was recovered (Doc. 16, ¶ 3; Doc. 16-1 at

---

[1] On May 30, 2018, both parties consented to the exercise of jurisdiction by a magistrate judge (Doc. 17). The case was referred to me by an Order of Reference that same day (Doc. 18).

1). On May 3, 2013 the Commissioner sent Plaintiff a letter stating that she had been overpaid and that $16,301.80 was due and needed to be repaid (Doc. 16-1 at 1). The letter advised Plaintiff that she had 60 days to request review of the Commissioner's decision (<u>Id.</u>, at 2).

On June 24, 2013, Plaintiff's attorney, Randy C. Bryan, sent a letter to the Commissioner stating that he had been retained by Plaintiff "to represent her in her appeal of a purported Notice of Overpayment of her SSI benefits" (Doc. 16-2 at 2). Included with the letter were a formal Request for Reconsideration signed by Plaintiff, which identified Mr. Bryan as her representative and included his address (<u>Id.</u>, at 1). The letter also enclosed a Consent for Release of Information signed by Plaintiff (<u>Id.</u>, at 2). Mr. Bryan's transmittal letter to the Commissioner concluded "[s]hould you have any questions or concerns, or require additional documentation, please do not hesitate to contact my office. I look forward to hearing from you soon." (<u>Id.</u>, at 2). The Commissioner received this letter the next day (<u>Id.</u>, at 1-2).

Mr. Bryan sent another letter to the Commissioner on September 6, 2013, stating that he had not received a response to Plaintiff's request for reconsideration or her consent to the release of information (Doc. 16-4 at 3). This letter was sent by certified mail and Plaintiff has produced a receipt showing that it was received by the Commissioner on September 9, 2013 (Doc. 20-2 at 2). Still, the Commissioner denies receipt of this letter.

On October 3, 2013 the Commissioner wrote to Plaintiff, informing her that it had denied her request for reconsideration (Doc. 16-3). The letter also advised Plaintiff that she had 60 days to request a hearing (<u>Id.</u>, at 1). The letter was not copied to Mr. Bryan and both he and Plaintiff deny receiving it (Doc. 20 at 2).

Mr. Bryan sent a third letter to the Commissioner on August 21, 2014, advising that he had not received responses to either of his first two letters (Id., at 2). Included with this letter was a Request for Hearing by Administrative Law Judge and a request for "**immediate action**" (Id.) (emphasis in original). The Commissioner received this letter on August 22, 2014 (Doc. 16-4).

On March 26, 2015, an administrative law judge ("ALJ") denied Plaintiff's request for a hearing and entered a Notice of Dismissal (Doc. 16-5). In a separate Order of Dismissal, the ALJ explained that Plaintiff's request for a hearing came more than 65 days after the denial of her request for reconsideration and was therefore, untimely (Id., at 4). The Notice and Order were not sent to Mr. Bryan.

Plaintiff sent the Commissioner a handwritten letter on June 19, 2015 in which she complained that she was being treated unfairly by Mr. Bryan and the Commissioner (Doc. 16-6 at 1). She said she needed an opportunity to "get the record straight," and asked the Commissioner to vacate the order dismissing her case (Id., at 2). She also said she had just learned that Mr. Bryan had not filed papers with the Appeals Council and had not followed up on her appeal (Id., at 1-2).

Because the ALJ's Order of Dismissal was not sent to Mr. Bryan, the Appeals Council found good cause for the late filing of Plaintiff's request for Appeals Council review (Doc. 16-2 at 2). Then, the Appeals Council found that the ALJ had not abused his discretion or committed an error of law and denied Plaintiff's request for review (Id.). The Commissioner has not explained why the failure to send notice to Mr. Bryan constituted good cause for the late filing of the request for Appeals Council review, but not good cause for the late filing of the request for a hearing.

On January 11, 2018, Plaintiff filed this action for judicial review of the Commissioner's decision to garnish her benefits due to the alleged overpayment (Doc. 1). She claims that she did not receive due process and therefore, the garnishment is illegal (Id., at ¶ 12). Plaintiff seeks review of the ALJ's Order of Dismissal and the Appeals Council's decision to deny review. She is asking this Court to reverse the Commissioner's administrative decision and "issue an Order compelling defendant to schedule a new administrative hearing …" (Id., at ¶ 20). Plaintiff maintains that the Court has jurisdiction under 42 U.S.C. §§ 405(g), 1383(c)(3), and 28 U.S.C. § 1361 to grant her relief (Id., ¶ 3).

On May 30, 2018, the Commissioner moved to dismiss this case on the ground that the Court lacks subject matter jurisdiction (Doc. 15). After due consideration the Court concluded that it did not have jurisdiction over Plaintiff's claim for mandamus relief and that claim was dismissed (Doc. 21). However, the Court found that it does have subject matter jurisdiction to "review the ALJ's decision dismissing the request for hearing as untimely and the Appeals Council's denial of the request for review." (Id., at 7) (quoting Pizarro v. Comm'r of Soc. Sec., No. 6:12-cv-801-Orl-37DAB, 2013 WL 869389, at *6 (M.D. Fla. Jan. 24, 2013)).

The Commissioner has answered the complaint (Doc. 27), filed an electronic copy of the administrative record (Docs. 28 and 29) and moved for judgment on the pleadings (Doc. 30). The Commissioner maintains that the ALJ did not abuse his discretion in dismissing Plaintiff's request for a hearing and that the Appeals Council properly denied Plaintiff's request for review of the ALJ's dismissal order (Doc. 30). Plaintiff counters that the presumption that she received correspondence from the Commissioner is not supported by the record (Doc. 31). The Court advised the parties that they had until

February 9, 2019 to supplement the record. Neither party filed any supplemental briefing and the time to do so has expired.

## Legal Standard

Summary judgment is appropriate when the movant can show that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); Harrison v. Culliver, 746 F.3d 1288, 1297 -1298 (11th Cir. 2014) (citing Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1259-60 (11th Cir. 2004)). Which facts are material depends on the substantive law applicable to the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The moving party bears the burden of showing that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Evidence is reviewed in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255. A moving party discharges its burden on a motion for summary judgment by showing or pointing out to the court that there is an absence of evidence to support the non-moving party's case. Denney v. City of Albany, 247 F.3d 1172, 1181 (11th Cir. 2001) (citation omitted).

When a moving party has discharged its burden, the non-moving party must designate specific facts (by its own affidavits, depositions, answers to interrogatories, or admissions on file) that demonstrate there is a genuine issue for trial. Porter v. Ray, 461 F.3d 1315, 1321 (11th Cir. 2006) (citation omitted). The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. Evers v. Gen. Motors Corp., 770 F.2d 984, 986 (11th Cir. 1985) ("conclusory allegations without specific supporting facts have no probative value."). If material issues of fact exist that would not allow the Court to resolve an issue as a matter

of law, the Court must not decide them, but rather, must deny the motion and proceed to trial. Herzog v. Castle Rock Entm't, 193 F.3d 1241, 1246 (11th Cir. 1999).

Discussion

The Commissioner will "reconsider an initial determination if [the claimant] or any other party to the reconsideration files a written request at one of our offices within 60 days after [a claimant] receive[s] notice of the initial determination." 20 C.F.R. § 416.1409(a). The Commissioner may extend the time to request reconsideration if the claimant submits a request in a writing that gives the reasons why the request for reconsideration was not filed within the required time period. Id. at § 416.1409(b). The Commissioner will extend the time period if the claimant shows that she "had good cause for missing the deadline," under the standard articulated in § 416.1411. In determining "good cause" the Commissioner considers: (1) what circumstances prevented the claimant from timely requesting a hearing; (2) whether the Commissioner's actions were misleading; (3) whether the claimant failed to understand the requirements of amendments to the Social Security Act, or other legislation or court decisions; and (4) whether the claimant had any "physical, mental, educational, or linguistic (including any lack of facility with the English language)" that prevented her from timely filing a request for a hearing or prevented her from understanding the need to file a timely request. 20 C.F.R. § 416.1411(b). The ALJ may deny an untimely request for a hearing when there is no good cause. Gonzalez v. Comm'r Soc. Sec., No. 1:09-CV-1093, 2009 WL 4730593, at *3-4 (N.D. Ohio Dec. 7, 2009).

Plaintiff argues that there is good cause to excuse her untimely request for a hearing because she and Mr. Bryan did not receive notice of the Commissioner's adverse reconsideration decision (Doc. 20 at 2). Plaintiff maintains that the Commissioner erred

by failing to acknowledge and/or communicate with Mr. Bryan despite being put on notice that he was representing her on this matter (Id.). The Commissioner concedes that it never communicated with Mr. Bryan. Still, the Commissioner argues that regardless of whether Mr. Bryan received notice, the letter was mailed to Plaintiff at her correct address and was not returned. This, according to the Commissioner, proves that Plaintiff received the notice, thereby triggering the 60-day response time (Doc. 30).

Title 42 U. S. C. § 406 establishes a claimant's statutory right to be represented by counsel before the Commissioner at the administrative level. See Cowart v. Schweiker, 662 F.2d 731, 733-734 (11th Cir. 1981). If no representative makes an appearance on behalf of a claimant, then the Commissioner has an affirmative duty to provide claimant written notice of her options for obtaining an attorney to represent her in presenting her Social Security case. 42 U.S.C. § 406(c). Except for instances of pending disbarment and/other disciplinary issues the Commissioner will recognize any attorney in good standing who is admitted to practice before the highest court of the state as legal representative of a claimant in a Social Security proceeding. 42 U.S.C. § 406(a)(1). "The representative of the claimant is entitled to the same notice as the claimant." Cf. 2 Soc. Sec. Disab. Claims Prac. & Proc. § 19:5.1 (2nd ed.) (citing 20 C.F.R. § 416-1515(b)).

While the Eleventh Circuit Court of Appeals and its member courts have not decided the issue, other federal courts have held that when the Commissioner is aware that a claimant is represented by counsel, "the 60-day clock does not start running until the attorney is notified" even if the claimant received notice. Burch v. Heckler, No. 84 Civ. 3376 (RLC), 1985 WL 2337, at * 3-4 (S.D.N.Y. Aug. 15, 1985) ("The court turns now to the merits of plaintiff's claim that the 60-day period for filing commences with notification of a claimant's attorney in cases where the claimant is represented by counsel … The

regulation does not provide that failure to send such notice to the attorney will negate notice to the claimant, or that the 60-day clock does not start running until the attorney is notified. But 'logic and elementary fairness' dictate precisely those conclusions.") (citing Matter of Bianca v. Frank, 43 N.Y.2d 168, 173 (1977) ("Once a party chooses to be represented by counsel in an action or proceeding, whether administrative or judicial, the attorney is deemed to act as his agent in all respects relevant to the proceeding. Thus any documents, particularly those purporting to have legal effect on the proceeding, should be served on the attorney the party has chosen to handle the matter on his behalf.")); see Bartolomie v. Heckler, 597 F. Supp. 1113, 1114 (N.D.N.Y. 1984); cf. McKentry v. Sec. of Health and Human Svcs., 655 F.2d 721 (6th Cir. 1981).

The Commissioner maintains that "Plaintiff did not submit any authorization for SSA to release information about her pending overpayment claim to Mr. Bryan or any other documentation appointing Mr. Bryan as her representative for the overpayment claim" because the form she used "attempting to authorize SSA to release records to Mr. Bryan, did not include Mr. Bryan's signature" (Doc. 30 at 8 n.1). This argument is belied by the record evidence.

The Commissioner sent Plaintiff a letter notifying her that it had overpaid her benefits and that she needed to return the overpayment (Doc. 16-1 at 1). Fifty-two days later, Mr. Bryan, sent a *signed* letter to Defendant that plainly stated that he had been retained by Plaintiff to provide representation in appealing the overpayment determination (Doc. 16-2 at 2; Doc. 28 at 29). Attached to the letter was a formal request for reconsideration, *signed by the Plaintiff*, that identified Mr. Bryan as her legal counsel and listed his name, telephone number, and mailing address; and a "Consent for Release of Information," *also signed* by Plaintiff, that identified Mr. Bryan as her legal representative

(Docs. 16-2 at 1-2;16-4 at 6-7; Doc. 28 at 31-32). These documents were received by the Commissioner's Lake Mary, Florida field office on June 25, 2013 (Doc. 16-2 at 1-2). The Commissioner's contention that despite this communication it had no responsibility to recognize Mr. Bryan because Plaintiff failed to complete a specific form violates the tenants of the Social Security Act and is a classic example of elevating form over substance.

The Commissioner was on actual notice as early as June 2013 that Mr. Bryan was representing Plaintiff. Therefore, the Commissioner was required to provide notice to Mr. Bryan but failed to do so. Sending the October 3, 2013 letter to Plaintiff – regardless of whether she received it – is of no consequence if the Commissioner did not send a copy to Mr. Bryan as Plaintiff's lawyer. The Commissioner has not explained why it failed to respond to Mr. Bryan's September 6, 2013 and August 21, 2014 letters, but these are the types of question that should have been asked by the Commissioner at the administrative level as part of a "good cause" inquiry.

The ALJ's decision to dismiss Plaintiff's August 21, 2014 request for hearing (Doc. 28 at 12-13) expressly states that Plaintiff is "unrepresented in this matter," which was plainly not true. The Commissioner's repeated failure to acknowledge Mr. Bryan, despite Plaintiff's stated request for him to serve as her attorney was an abuse of discretion. Accordingly, the Commissioner's Motion for Summary Judgment (Doc. 30) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on April 2, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record